IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CHIVACO JOHNSON                                                                          PLAINTIFF

v.                                                                                    No. 4:12CV102-M-A

PAMELA ROBINSON                                                                         DEFENDANT

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Chivaco Johnson, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

**Factual Allegations**

Johnson had been placed in Trusty status during incarceration within the Mississippi Department of Corrections. He had, however, been found guilty of ten rule violations over his 8 1/2 years in prison. Though he had committed no rule violation for 16 months, he was removed from Trusty status for Poor Institutional Adjustment because of the ten rule violations. He did not know that an accumulation of ten rule violations over so long a time would result in removal of Trusty status.

***Sandin***

In view of the Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), the court concludes that the plaintiff has failed to set forth a claim which implicates the Due Process Clause or any other constitutional protection. As the Court noted, "States may under certain circumstances create liberty interests which are protected

by the Due Process Clause [, but] these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted). In the *Sandin* case, the discipline administered the prisoner was confinement in isolation. Because this discipline fell "within the expected parameters of the sentence imposed by a court of law," *id*. at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest," *id*., the Court held that neither the Due Process Clause itself nor State law or regulations afforded a protected liberty interest that would entitle the prisoner to the procedural protections set forth by the Court in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974). *See also Malchi v. Thaler*, 211 F.3d 953, 958 (5$^{th}$n Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

In this case, removal from Trusty status to normal custody does not constitute an atypical hardship when compared to ordinary conditions of prison life. Indeed, placement in regular custody *is* the normal condition prisoners face all the time. The punishment in this case does not rise to a level sufficient to trigger Due Process protections, and the case will be dismissed for failure to state a constitutional claim. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 29th day of January, 2013.

/s/ MICHAEL P. MILLS  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT  
NORTHERN DISTRICT OF MISSISSIPPI